UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

                          Plaintiff,

         v.

MAIO BUILDING CORP; and JOHN MAIO,
Individually,

                     Defendants.
--------------------------------------------------------------------

:    **COMPLAINT**

:

:    Civil Action No.

:    19-cv-3435

:

:

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.) (the "Act" or the "FLSA"), alleging that defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices that violate the provisions of the FLSA, and to obtain other appropriate relief.

## PRELIMINARY STATEMENT

Defendants MAIO BUILDING CORP. and JOHN MAIO, who operate a masonry construction business in Nassau County, New York, have willfully violated the FLSA by failing to pay their employees required overtime premiums and by failing to maintain certain payroll and time records required by the Act. From August, 2015, through at least August, 2018, the Defendants paid many of their laborers and masons, employees who are responsible for performing masonry work and related construction tasks, a fixed daily wage without regard to the actual number of hours that the employees worked during the workweek. Many of the laborers and masons routinely worked eleven-hour days, six days per week, and Defendants did not pay them any overtime compensation for their hours worked in excess of 40 during the workweek.

Defendants also failed to maintain basic records required by the FLSA, including records of employees' hours worked and rates of pay. Defendants paid many of the employees in cash, off-the-books, in an apparent effort to conceal their violations of the FLSA.

By engaging in the conduct described above, the Defendants knowingly and willfully defied the FLSA's overtime requirements and deprived employees of their lawfully earned wages. Through this action, the Secretary seeks to bring the Defendants into compliance with the FLSA and to compensate Defendants' employees for years of lost income.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the claims stated herein occurred in this district, and/or because the Defendants reside in this district.

## FACTUAL ALLEGATIONS

### The Parties

3.      Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and to recover back wages and liquidated damages, and is the proper plaintiff for this action.

4.      Defendant MAIO BUILDING CORP. ("Maio Building") is a New York Domestic Business Corporation maintaining its principal executive office and place of business at 436 Central Avenue, Suite F, Bohemia, New York 11716, within the jurisdiction of this Court, where

it is engaged in the business of masonry and foundation construction, masonry and foundation repair, and related activities.

5. From at least June 2016, through August 2018, and possibly continuing through the present date ("the relevant time period"), Defendant Maio Building has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of Section 3(d) of the FLSA.

6. During the relevant time period, Defendant JOHN MAIO, an individual, was the President and sole owner of Maio Building. During the relevant time period, Defendant JOHN MAIO engaged in active control and management of Maio Building and its employees.

7. During the relevant time period, Defendant JOHN MAIO had the authority to manage Maio Building's payroll and did manage Maio Building's payroll and signed employees' paychecks.

8. During the relevant time period, Defendant JOHN MAIO had the authority to hire employees to work for Maio Building and did hire employees to work for Maio Building.

9. During the relevant time period, Defendant JOHN MAIO had the authority to fire employees from Maio Building and did fire employees from Maio Building.

10. During the relevant time period, Defendant JOHN MAIO had the authority to supervise Maio Building's employees and did supervise Maio Building's employees.

11. During the relevant time period, Defendant JOHN MAIO had the authority to determine Maio Building's employees' rates of pay and hours of work and did set Maio Building's employees' rates of pay and hours of work.

12.     During the relevant time period, Defendant JOHN MAIO has regulated the employment of all persons he employed and has acted directly and indirectly in Maio Building's interests in relation to the employees. Defendant JOHN MAIO is thus an "employer" of Maio Building's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is a "person" within the meaning of Section 3(a) of the FLSA, 29 U.S.C. § 203(a).

13.     Upon information and belief, Defendant JOHN MAIO resides at 55 Meroke Lane, East Islip, New York 11730, within the jurisdiction of this Court.

### Defendants are an Enterprise Engaged in Commerce

14.     The business activities of the Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.     Defendant Maio Building had an annual gross volume of sales made or business done in an amount not less than $500,000 during the relevant time period covered by this Complaint.

16.     The Defendants have employed and are employing employees as laborers and masons, including but not limited to those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle or otherwise work on goods or materials that have been moved in or produced for commerce such as rebar, helical piles, concrete, power tools, and motor vehicles and equipment.

17.     Therefore, the Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

**Defendants' Unlawful Pay Practices**

18.     The Defendants maintained the same or substantially the same unlawful pay practices at all times during the relevant time period, and the unlawful pay practices described herein may be continuing.

19.     During the relevant time period, the Defendants employed laborers and masons to perform work on projects located in or about Long Island, including Nassau County, Queens County, and Kings County.

20.     The laborers and masons employed by the Defendants performed a variety of tasks including pouring concrete, installing helical piles, setting, building, and repairing foundations, operating vehicles and machinery, and performing related masonry and construction tasks.

21.     The Defendants' typically employed approximately 24 to 39 laborers and masons at a time during the relevant time period.

22.     The laborers and masons generally worked in crews of 5 to 8 employees.

23.     The laborers and masons routinely worked 11 hour days, beginning their workday at 6:00 a.m. each morning and continuing their work until approximately 5:00-6:00 p.m. each day.

24.     The laborers and masons usually worked six days per week, but occasionally worked 4 or 5 days per week. The laborers and masons generally worked a total of 44 to 66 hours per workweek during the relevant time period.

25.     Defendants paid the laborers and masons a fixed daily rate between approximately $130.00 and $230.00. The Defendants paid the laborers and masons the same fixed daily rate regardless of the hours worked by the employee in the workday or workweek.

26.     The Defendants did not pay any overtime premiums to the laborer and mason employees who worked more than 40 hours in a single workweek.

27.     For example, as illustrated by the Defendants' pay records, during the workweek of July 13-19, 2019, a laborer employee worked five days, approximately 11 hours per day, and the Defendants paid the employee $150.00 for each day worked, for total pay of $750.00 for that workweek.

28.     The employee worked more than 40 hours, and at least approximately 55 hours during that workweek.

29.     However, the Defendants did not pay the employee any overtime premium for the hours worked in excess of 40 for that workweek.

30.     The following week, the workweek of July 20-26, 2018, the same employee worked six days, approximately 11 hours per day, and the Defendants paid the employee $150.00 for each day worked, for a total pay of $900.00 for that workweek.

31.     The employee worked more than 40 hours, and at least approximately 66 hours during that workweek.

32.     However, the Defendants did not pay the employee any overtime premium for the hours worked in excess of 40 for that workweek.

33.     The Defendants used the same or substantially similar pay practices as those described in paragraphs 18-32 above for all of the laborers and masons that they employed during the relevant time period.

34.     Accordingly, during the relevant time period, Defendants routinely failed to pay their laborer and mason employees who regularly worked more than 40 hours during the workweek any overtime premiums for their hours worked in excess of 40.

**Defendants' Unlawful Recordkeeping Practices**

35.     Defendants maintained the same or substantially the same unlawful recordkeeping practices at all times during the relevant time period, and Defendants' unlawful recordkeeping practices may be continuing through the present.

36.     Defendants did not maintain and preserve adequate and accurate records of their employees and of wages, hours, and other conditions of employment as prescribed by applicable regulations, 29 C.F.R. Part 516.

37.     Specifically, Defendants did not maintain and preserve records of actual hours worked by all laborer and mason employees.

38.     For example, Defendants' records for all workweeks during the relevant time period only record the number of days that each laborer and mason employee worked during the workweek, and the records do not include the actual hours that each employee worked each day or during the workweek.

39.     Defendants also failed to maintain and preserve records of the laborer and mason employees' regular hourly rate of pay for every workweek in which overtime compensation was due, and of the Defendants' basis for determining the employees' regular rate of pay.

40.     For example, Defendants' records for all workweeks during the relevant time period only record each laborer and mason's fixed daily rate of pay and do not include the employee's hourly rates of pay.

41.     Defendants also failed to maintain and preserve records of the total premium pay for overtime hours that they paid to each laborer and mason employee during workweeks in which the employees worked more than 40 hours.

42.     For example, Defendants' records for all workweeks during the relevant time period only record the total amount paid to the laborer and mason employees during each workweek, and do not record the employees' total daily or weekly straight-time earnings or premium overtime pay for the workweek.

43.     Prior to approximately August 2018, Defendants also failed to maintain and preserve records that include every laborer and mason employees' full name and home address.

**Defendants Unlawful Pay and Recordkeeping Practices Have Been Willful**

44.     As described herein, Defendants' actions concerning their pay and recordkeeping practices have been willful.

45.     From August 2015 through at least August 2018, Defendants paid many laborer and mason employees off-the-books in cash, or in a combination of cash and check.

46.     Upon information and belief, continuing until approximately December 2018, approximately four months after the Secretary informed the Defendants of the FLSA's recordkeeping requirements and four months after Defendants represented to the Secretary that employees were no longer paid in cash off-the-books, Defendants continued to pay many laborer and mason employees off-the-books, or in a combination of cash and check.

47.     Upon information and belief, continuing until approximately February 2019, approximately six months after the Secretary informed the Defendants of the FLSA's recordkeeping requirements, Defendants continued their practice of not recording laborer/mason employees' daily and weekly hours worked.

## FIRST CAUSE OF ACTION

### Violation of Sections 7 and 15(a)(2) of the FLSA, Failure to Pay Overtime

48.     The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 47 of the Complaint.

49.     Defendants have willfully violated sections 7 and 15(a)(2) of the FLSA by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer 40 hours, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

50.     Therefore, Defendants are liable for unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the FLSA or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the FLSA.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Failure to Maintain Records

51.     The Secretary incorporates and re-alleges the allegations in Paragraphs 1 through 50 of the Complaint.

52.     Defendants have willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, in that Defendants have failed to make, keep, and preserve adequate and accurate records as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)     An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5)of the Act;

(2)     An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due to Defendants' employees listed on the attached Exhibit A, and to any presently unknown employees who are not identified on Exhibit A to whom back wages are found due;

(3)     An order pursuant to Section 16(c) of the Act finding Defendants liable for an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to the Secretary for the relevant time period, continuing through present); or, in the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; for the period covered by this Complaint);

(4)     An order compelling Defendants to reimburse the Secretary for the costs of this action; and

(5)     An order granting such other relief as the Court may deem necessary or appropriate.

DATED:        June 11, 2019
              New York, New York


                                          KATE S. O'SCANNLAIN
                                          Solicitor of Labor

                                          JEFFREY S. ROGOFF
                                          Regional Solicitor



                                          _____
                                          JAMES R. WONG
                                          Senior Trial Attorney
                                          U.S. Department of Labor
                                          Office of the Solicitor, Region II
                                          201 Varick Street, Room 983
                                          New York, NY 10014
                                          Tel.: 646.264.3646
                                          Fax: 646.264.3660
                                          Email: wong.james.r@dol.gov

                                          *Attorneys for the Secretary of Labor,*
                                          *R. Alexander Acosta*

**EXHIBIT A**

| First Name | Last Name |
|---|---|
| Ronald | Alvardo-Bonita |
| Francisco | Acosta |
| Luis | Alberto Heras |
| Felix | Alvarado |
| Lucio | Alvarado |
| Brandon | Alvarez-Calva |
| Rafael | Arevalo |
| Robert | Bonilla-Cruz |
| Ricardo | Burgos |
| Domino | Calderon Bonilla |
| Julian | Carmona-Armenta |
| Carlos | Chillogallo |
| Luis | Chillogallo |
| Jose | Cruz |
| Miguel | Cruz |
| Omar | Cruz-Perez |
| Luis | Cruz-Romero |
| Luis | Fernando Reyes |
| William | Fox |
| Santos | Fredy Zavala |
| Jose | Garcia-Benavides |
| Augusto | Hernandez |
| Maclovio | Joaquin-Rojas |
| Luis | Jueta Lucero |
| Diane | Koehler |
| Jorge | Lopez |
| Jamie | Maio |

| | |
|---|---|
| Oscar | Martinez-Rodriguez |
| Jose | Nolazco-Gutierrez |
| Patricio | Orellana-Bravo |
| Cesar | Pavon |
| Hector | Ramos |
| Luis | Romero-Jara |
| Brayon | Romo-Angeles |
| Anastacio | Rubio |
| Jose | Rubio-Moran |
| Jose | Tercero-Pavone |
| Adonis | Unknown |
| Antonio | Unknown |
| Armando | Unknown |
| Byron | Unknown |
| Carlos | Unknown |
| Castro | Unknown |
| Choral | Unknown |
| David | Unknown |
| Dolores | Unknown |
| Dorothy | Unknown |
| Eduardo | Unknown |
| Edwin | Unknown |
| Elmer | Unknown |
| Enrique | Unknown |
| Felix | Unknown |
| Fernando | Unknown |
| Jaime | Unknown |
| Jeffrey | Unknown |
| Johnny | Unknown |

| | |
|---|---|
| Juan | Unknown |
| Julio | Unknown |
| Kevin | Unknown |
| Kleyer | Unknown |
| Laura | Unknown |
| Leonardo | Unknown |
| Lester | Unknown |
| Manuel | Unknown |
| Marlin | Unknown |
| Marvin | Unknown |
| Nelson | Unknown |
| Nestor | Unknown |
| Oscar | Unknown |
| Rubio | Unknown |
| Thomas | Unknown |
| Wilson | Unknown |